Michael J. Flynn, City Treasurer, Appellee, v. South-
ern Surety Company, National Surety Company
and United States Fidelity & Guaranty Company,
also Appellees, and William C. Niblack, Receiver,
Appellant.

Gen. No. 22,506.    (Not to be reported in full.)

Appeal from interlocutory order of the Superior Court of Cook
county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in
the Branch Appellate Court at the March term, 1916. Affirmed.
Opinion filed July 19, 1916.

## Statement of the Case.

Bill by Michael J. Flynn, City Treasurer of the City
of Chicago, complainant, against Southern Surety Com-
pany, National Surety Company, United States Fidel-
ity & Guaranty Company and William C. Niblack, as
receiver of the La Salle Street Trust & Savings Bank,
defendants. From an order of the Superior Court ap-
pointing a receiver of certain securities held by the
complainant, defendant Niblack appeals.

It appeared that the complainant, as city treasurer,
had on deposit with the La Salle Street Trust &
Savings Bank certain funds belonging to the City of
Chicago, to secure the repayment of which from time
to time, the Southern Surety Company, National Surety
Company, the United States Fidelity & Guaranty
Company, Massachusetts Bonding & Insurance Com-
pany, Equitable Surety Company, Illinois Surety Com-
pany, Globe Indemnity Company and the American
Fidelity Company had executed certain bonds as sure-
ties. May 9, 1914, the city demanded further security
to insure the return of the city's funds deposited with
the bank, which at that time amounted to some $650,-
000. In compliance with this request, the vice presi-
dent of the bank turned over to the complainant bonds

and other securities aggregating in value about $280,-000. June 12, 1914, the bank closed its doors. June 18, 1914, a bill was filed in the Circuit Court for the purpose of winding up the bank, and a receiver was appointed the following day. The treasurer thereupon demanded of the sureties on the bank's bond a return of the full amount of the $650,000.

The Southern Surety Company filed its bill against the City of Chicago, the bank, its receiver, and the other sureties on its bonds, in which it set up the giving of the bonds by the bank, its own liability as surety, and the receipt of securities by the city treasurer.

It offered to pay the City of Chicago the maximum amount for which it was responsible, and asked that it be subrogated to the rights of the city to a proportionate part of the securities. To this bill answers were filed by the city, the receiver for the bank, and all sureties on its bonds except the American Fidelity Company, which filed a demurrer. The receiver of the bank filed his cross-bill July 17, 1915, and an amended cross-bill March 22, 1916, in which he prayed that Michael J. Flynn, city treasurer, might be required to deliver to him all the securities in question.

July 28, 1914, Michael J. Flynn filed an original bill in the Superior Court, in which he set up the matters already stated in regard to the deposit of funds with the bank, the taking of indemnifying bonds, the obtaining of additional securities, and the subsequent failure of the bank; also that the various surety companies set up a right to be subrogated to the city's interest in the securities and that the bank and its receiver claimed an interest in the same. He asked that the court decree that the bank or its receiver pay whatever sum might be due him as city treasurer; that, in default, he be directed to sell the collateral, apply the proceeds on the balance of the indebtedness due the City of Chicago from the bank, and make disposition of the surplus, if any, to such parties and in such

amounts as might be determined by the court. This bill made the Southern Surety Company and the other sureties on the bank's bonds parties defendant, as well as the receiver for the bank.

Answers were duly filed, and in this suit also, the receiver filed a cross-bill containing the same allegations and prayer for relief as were set out in his cross-bill filed in the case of *Southern Surety Company v. City of Chicago.* March 16, 1916, Flynn, by leave of court, amended his bill by inserting a prayer for the appointment of a receiver *pendente lite.* To this amendment was attached the affidavit of one Keefe, first assistant treasurer, in which he stated that Flynn was no longer city treasurer, but had been succeeded by one Sergel. Thereafter, on March 22, 1916, an order was entered consolidating the two cases under the name of *Michael J. Flynn, City Treasurer, v. Southern Surety Company et al.* April 5, 1916, on motion of complainant Flynn and various defendant surety companies, an order was entered appointing a receiver.

HIRAM T. GILBERT, for appellant.

E. W. AUSTIN, J. H. HUCKLEBERRY, A. G. MOSELEY, JUDAH, WILLARD, WOLF & REICHMANN, MOSES, ROSENTHAL & KENNEDY, SHEPARD, MCCORMICK, THOMASON, KIRKLAND & PATTERSON, CHARLES H. BURRAS and FYFFE, RYNER & DALE, for appellees.

MR. JUSTICE GOODWIN delivered the opinion of the court.

## Abstract of the Decision.

1. RECEIVERS, § 5*—*when appointment pendente lite proper.* Where during the pendency of a suit to determine the ownership of securities in the hands of a public official, such official's term of office expires, the appointment of a receiver *pendente lite* for such securities is proper for the protection of the rights of the parties.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Flynn v. Southern Surety Co. et al., 200 Ill. App. 38.

2. RECEIVERS, § 12*—*when bond from receiver pendente lite not necessary.* Where the parties moving for the appointment of a receiver *pendente lite* to hold certain securities, the title to which is involved in a suit, are not seeking to take the custody from a party claiming the title or interest in the securities but the custodian is one of the moving parties, the appointment of the receiver without requiring the moving parties to give a bond is not erroneous.

3. RECEIVERS, § 6*—*when Superior Court has constitutional jurisdiction to appoint.* The Superior Court of Cook county has constitutional jurisdiction of a controversy between the receiver of an insolvent bank and the creditors of such bank, involving the title to securities delivered by the bank's officers to one of such creditors before the closing of the bank's doors.

4. APPEAL AND ERROR, § 408*—*when question of jurisdiction arises too late.* Where the controversy is one within the constitutional jurisdiction of a court, and its jurisdiction of a particular controversy is first questioned on appeal by one who answered the original bill and filed a cross-bill asking affirmative relief, such jurisdictional question comes too late.

5. RECEIVERS, § 6*—*when appointment within jurisdiction of court making it.* The fact that the proceedings for the winding up of a bank are pending in the Circuit Court does not deprive the Superior Court of jurisdiction to appoint a receiver for certain securities delivered by such bank to one of its creditors before the winding up proceedings, in a proceeding between the receiver of the bank and certain creditors to determine the title to such securities.

6. RECEIVERS, § 6*—*when appointment proper pendente lite.* Even though the jurisdiction of a court to appoint a receiver *pendente lite* of certain property is properly questioned, it is the duty of such court to protect the subject-matter of the litigation until the jurisdictional question can be properly decided.

7. RECEIVERS, § 5*—*when appointment pendente lite proper.* Where, pending a proceeding to determine title to certain securities as between the receiver of a debtor and certain creditors, the term of office of the public official holding such securities terminates, the court may, on motion of such custodian and other creditors, appoint a receiver for such securities *pendente lite* without determining first the title to the securities as between the parties.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.